1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5
6

PAUL ADDLEMAN AND NASIR
HOSSAIN,

CASE NO. C25-808 RSM

7

                    Plaintiffs,

ORDER GRANTING MOTION TO
STRIKE AFFIRMATIVE DEFENSES

8

            v.

9

VINTAGE WELLINGTON LLC., ET AL.,

10

                    Defendants.

11    This matter comes before the Court on Plaintiffs' Motion to Strike Affirmative Defenses

12 made by Defendant Property Receivables Corporation ("PRC"), Dkt. #11.  Defendant has failed

13 to file an opposition brief.

14    Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any

15 redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of

16 the rule "is to avoid the expenditure of time and money that must arise from litigating spurious

17 issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  An affirmative

18 defense may be insufficient "as a matter of pleading or as a matter of law." *Seattlehaunts, LLC v.

19 Thomas Family Farm, LLC*, No. C19-1937 JLR, 2020 WL 5500373, at *4 (W.D. Wash. Sept. 11,

20 2020).

21    An affirmative defense must be pled in such a way that plaintiffs have "fair notice" of the

22 defense, which generally requires that defendants state the nature and grounds for the affirmative

23 defense. *Employee Painters' Trust v. Pac. Nw. Contractors, Inc.*, 2013 WL 1774628, at *4 (W.D.

24 Wash. Apr. 25, 2013).  Although an affirmative defense is not required to meet the *Iqbal/Twombly*

ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES – 1

standard, it "must be supported by at least some facts indicating the grounds on which the defense is based." *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663, at *2 (W.D. Wash. Apr. 29, 2020).[1]

At issue are the first four affirmative defenses which Defendant PRC included in its Answer: failure to state a claim, compliance with a statute, failure to mitigate damages, and no intentional or reckless conduct. *See* Dkt. #10. These four defenses are listed in a general, conclusory fashion, with no supporting facts. They do not provide fair notice to Plaintiffs. Defendant provides no basis for the Court to believe that they could be remedied by amendment, and the deadline for amending pleadings has passed. *See* Dkt. #15.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiffs' Motion, Dkt. #11, is GRANTED. Defendant PRC's Affirmative Defenses 1 through 4 are STRICKEN with prejudice.

Dated this 6th day of October, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES – 2